Filed 9/21/23  P. v. King CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>AARON CHRISTOPHER KING,<br><br>　　　Defendant and Appellant. | A166153<br><br><br>(Humboldt County<br>Super. Ct. No. CR1601245) |

**MEMORANDUM OPINION**

Aaron Christopher King filed a facially sufficient petition for resentencing under former Penal Code section 1170.95, but the trial court denied the petition without appointing counsel, inviting briefing, or holding a hearing.[1]  On appeal, the parties agree—as do we—that the court erred.  We reverse and remand.

In 2016, the prosecution charged defendant with five felonies: attempted willful, deliberate, and premeditated murder (count 1); attempted second degree robbery (count 2); assault with a semiautomatic firearm (count 3); possession of a firearm by a felon (count 4); and first degree

_____

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Undesignated statutory references are to the Penal Code.  In June 2022, former section 1170.95 was renumbered as section 1172.6.  We refer to the statute by its current number.

1

residential burglary (count 5). The prosecution also alleged firearm enhancements as to counts 1, 2, and 3.

In 2018, defendant pleaded guilty to amended count 1— nonpremeditated attempted murder, described by the court as "[a]ttempted second degree" murder—and counts 2 and 5. He admitted the firearm enhancement attached to count 1 (§ 12022.53) and a modified firearm enhancement attached to count 2 (§ 12022.5). The parties agreed the preliminary hearing transcript provided a factual basis for the plea. The trial court dismissed counts 3 and 4 and the firearm enhancement attached to count 3; the court sentenced defendant to prison.[2]

In 2022, defendant filed a petition for resentencing pursuant to section 1172.6. He stated the prosecution charged him with attempted murder under the natural and probable consequences doctrine; that he pleaded guilty to attempted murder because he believed he could have been convicted under the natural and probable consequences doctrine; and that he could not now be convicted of attempted murder in light of changes to sections 188 and 189. He asked the trial court to appoint counsel to represent him in connection with the petition. Four days later—and without appointing counsel, inviting briefing, or holding a hearing—the court summarily denied the petition. In a conclusory written order, the court stated it had considered defendant's petition and determined he was ineligible for section 1172.6 relief. Defendant appealed.

---

[2] The preliminary hearing transcript is not part of the appellate record. At sentencing, the trial court indicated it had read and considered the probation report. While that document is before us, we do not summarize it because the Attorney General cites authority suggesting it may not be proper for a trial court to rely on information contained in a probation report in determining eligibility at the prima facie stage of the section 1172.6 resentencing process. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

Having set forth the relevant background, we turn to the question presented: whether the trial court erred in summarily denying defendant's resentencing petition. The answer is yes.

Recent legislation has "significantly limited the scope of the felony-murder rule" and restricted "murder liability predicated on the natural and probable consequences doctrine." (*People v. Strong* (2022) 13 Cal.5th 698, 707 & fn. 1; § 1172.6, subd. (a) [statute applies to defendants convicted of "attempted murder under the natural and probable consequences doctrine"].) As numerous courts have described the legislation and its attendant ramifications, we need not summarize it in detail here. (See, e.g., *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Briefly, the legislation created a process by which a defendant convicted of "felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he could not have been convicted of murder because of [legislative] changes to the definition of the crime." (*People v. Patton* (2023) 89 Cal.App.5th 649, 655, review granted June 28, 2023, S279670.) The "process begins with the filing of a declaration that all requirements for eligibility are met," among them that the " 'petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019' . . . ." (*Strong*, at p. 708.)

If a petitioner files a "facially sufficient petition" under section 1172.6, three things must happen. (*Lewis, supra*, 11 Cal.5th at p. 957.) First, the court must appoint counsel if requested. (§ 1172.6, subd. (b)(1)(C), (b)(3).) Second, the prosecution must file and serve a response to the petition, to which the petitioner may reply. (*Id.*, subd. (c).) Third—and after the parties have had an opportunity to submit briefing—the court must "hold a hearing

3

to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

Here, it is undisputed defendant filed a facially sufficient petition, but the trial court did not appoint counsel for defendant, give the parties an opportunity for briefing, or hold a hearing. The parties agree the court erred by summarily denying defendant's petition. We do, too. (*Lewis, supra*, 11 Cal.5th at p. 967.) And as the Attorney General acknowledges, the error was not harmless. (See *People v. Mejorado* (2022) 73 Cal.App.5th 562, 572.) Under the circumstances, remand is required. If—after following the statutory procedure—the court finds defendant has failed to make a prima facie showing of eligibility for relief, it may summarily deny his petition. (See, e.g., *People v. Patton, supra*, 89 Cal.App.5th at pp. 654–657, rev.gr.) But if the court declines to issue an order to show cause, it must provide a statement of reasons. (§ 1172.6, subd. (c).) Our conclusion makes it unnecessary to address defendant's other claim of error.

## DISPOSITION

The July 2022 order denying defendant's section 1172.6 petition for resentencing is reversed. The matter is remanded to the trial court with directions to appoint counsel for defendant, invite briefing, and hold a hearing to determine whether he can make a prima facie showing of entitlement to relief. If the court summarily denies the petition without issuing an order to show cause, it must provide a statement of reasons.

_____
Jackson, P. J.

WE CONCUR:


_____
Burns, J.


_____
Chou, J.


A166153/*People v. Aaron Christopher King*